```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
                       MIAMI DIVISION
                  CASE NO. 17-cr-20393-CMA


 UNITED STATES OF AMERICA,        Miami, Florida

        Plaintiff,                August 28, 2017

    vs.                           9:11 a.m. to 9:32 a.m.

 JUAN CARLOS POZO NAVARRETE,      Courtroom 12-2

        Defendant.                (Pages 1 to 17)
_____

                     CHANGE OF PLEA
        BEFORE THE HONORABLE CECILIA M. ALTONAGA,
              UNITED STATES DISTRICT JUDGE

 APPEARANCES:

 FOR THE GOVERNMENT:    JAMIE GARMAN, ESQ.
                        Assistant United States Attorney
                        99 Northeast 4th Street
                        Miami, FL 33132
                        (305) 961-9001
                        jamie.garman@usdoj.gov

 FOR THE DEFENDANT:     ANTHONY J. NATALE, ESQ.
                        Assistant Federal Public Defender
                        150 West Flagler Street, Suite 1500
                        Miami, FL 33130-1555
                        (305) 533-4246
                        anthony_natale@fd.org



 Also Present:          Luz Oramas, Interpreter
```

```
 1    APPEARANCES CONTINUED:

 2     REPORTED BY:            STEPHANIE A. McCARN, RPR
                               Official Court Reporter
 3                             400 North Miami Avenue
                               Twelfth Floor
 4                             Miami, Florida 33128
                               (305) 523-5518
 5                             Stephanie_McCarn@flsd.uscourts.gov

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**I N D E X**

**WITNESSES**

<u>**WITNESSES FOR THE GOVERNMENT:**</u>                                    <u>**Page**</u>
                                                                      --

<u>**WITNESSES FOR THE DEFENDANT:**</u>                                    <u>**Page**</u>
                                                                      --

| <u>**EXHIBITS IN EVIDENCE**</u> | **PRE** | **MARKED** | **ADMITTED** |
|---|---|---|---|
| **Government's Exhibit No.** | -- | -- | -- |
| **Defendant's Exhibit No.** | -- | -- | -- |

**MISCELLANEOUS**

                                                                      <u>Page</u>
Proceedings.......................................    4
Court Reporter's Certificate......................   17

```
 1        (The following proceedings were held at 9:11 a.m.)
 2            THE COURT:  Good morning.  United States and Juan
 3   Carlos Pozo Navarrete.
 4            Counsel, please state your appearances.
 5            MS. GARMAN:  Good morning Your Honor, Jamie Garman on
 6   behalf of the United States.
 7            THE COURT:  Good morning.
 8            MR. NATALE:  Good morning, Your Honor, Anthony Natale
 9   on behalf of Mr. Pozo Navarrete, who is here with the presence
10   of the court interpreter.
11            THE COURT:  Very good.
12            Mr. Navarrete, good morning.  If you would please
13   raise your right hand.
14       (The Defendant was sworn.)
15            THE DEFENDANT:  I do.
16            THE COURT:  Mr. Navarrete, I am going to be asking you
17   some questions this morning in order to accept your change in
18   plea from a plea of not guilty to a plea of guilty to Count 3
19   of the superseding indictment.  If at any time you do not
20   understand any of my questions, please let me know and I will
21   try to clarify the question for you.  Also, if at any time you
22   would like to speak with your attorney and consult with him off
23   the record, let me know that.  And we will pause to give you an
24   opportunity to do so.
25            And, last, please note that you are under oath.  All
```

of your answers to my questions must be truthful. If they are not, you may be subjecting yourself to charges of perjury.

Do you understand these instructions?

THE DEFENDANT: I understand perfectly well.

THE COURT: First, there is the preliminary matter of, Mr. Natale, we have a superseding indictment. The Defendant needs to be arraigned.

MR. NATALE: That is correct, Your Honor. We would waive formal reading of the superseding indictment, enter a plea of not guilty, request a trial by jury, and that Your Honor issue the standard discovery order. Now, I guess we can go forward to accept the guilty plea.

THE COURT: Very good. Thank you.

Mr. Navarrete, please state your full name.

THE DEFENDANT: Juan Carlos Pozo Navarrete.

THE COURT: How old are you?

THE DEFENDANT: I'm 64.

THE COURT: How far did you go in school?

THE DEFENDANT: I began college studies.

THE COURT: And what country are you a citizen of?

THE DEFENDANT: Chile.

THE COURT: Have you ever been treated for a mental illness or for an addiction to narcotic drugs?

THE DEFENDANT: No, never.

THE COURT: Have you taken any drugs or alcohol in the

```
1    last 48 hours?
2             THE DEFENDANT:  No.
3             THE COURT:  Do you believe that you have any mental or
4    physical condition or illness that prevents you from
5    understanding what's happening here in court this morning?
6             THE DEFENDANT:  No illness.
7             THE COURT:  Mr. Natale, in your opinion, is your
8    client competent to enter a guilty plea?
9             MR. NATALE:  Yes, Your Honor.
10            THE COURT:  Mr. Navarrete, prior to today, did you
11   receive a copy of the superseding indictment containing the
12   written charges against you?
13            THE DEFENDANT:  Yes, Your Honor.
14            THE COURT:  Have you fully discussed that indictment
15   and your case, in general, with Mr. Natale as your attorney?
16            THE DEFENDANT:  Yes, Your Honor.
17            THE COURT:  And are you fully satisfied with the
18   counsel, the representation and the advice that you have
19   received from your attorney?
20            THE DEFENDANT:  Satisfied, Your Honor.
21            THE COURT:  So today you plead guilty to a charge of
22   conspiracy to possess with intent to distribute 1 kilogram or
23   more of heroin.  Do you understand the charge?
24            THE DEFENDANT:  Yes, Your Honor.  I understand.
25            THE COURT:  And I would ask the Government to please
```

1  set forth the elements of that offense.
2          MS. GARMAN:  Yes, Your Honor.  There are four elements
3  of this offense:  First, that two or more people in some way
4  agreed to try to accomplish a shared and unlawful plan to
5  possess with intent to distribute a controlled substance;
6  second, the Defendant knew the unlawful purpose of the plan and
7  willfully joined in it; third, the object of the unlawful plan
8  was to possess with intent to distribute a controlled
9  substance; and, fourth, the weight of the substance the
10 Defendant conspired to possess was 1 kilogram or more of a
11 mixture and substance containing a detectable amount of heroin.
12         THE COURT:  Thank you.
13         Mr. Natale, do you agree that that's an accurate
14 statement of the elements?
15         MR. NATALE:  Yes, Your Honor.
16         THE COURT:  And would you please state the steps you
17 have taken to familiarize your client of the charges against
18 him, the Government's evidence, his defenses, his right to
19 proceed to trial and the consequences of a guilty plea?
20         MR. NATALE:  Yes, Your Honor.  What I did in this case
21 was review with him not only the original indictment but the
22 superseding indictment.  I showed him the statutes.  We, then,
23 upon receipt of the discovery, reviewed all of the discovery,
24 which included videotape, as well as other documents.  After
25 thoroughly reviewing that and discussing with Mr. Pozo

1   Navarrete his options and what are the possible outcomes that
2   could happen in the case, he instructed me that he wished to
3   plead guilty.
4        At that point, I contacted the Government, and he also
5   wanted to cooperate, and he was debriefed.  I attended the
6   debriefings with him.  Based upon -- and then, I believe, it
7   was on Friday -- or Thursday or Friday of last week, all of
8   which, by the way, was done with the aid of a Spanish-speaking
9   interpreter because my Spanish is very bad.
10       I went over with him the plea agreement, the factual
11  proffer, as well as the questions that Your Honor would be
12  asking him, and he continued to tell me that he wanted to enter
13  a plea of guilty.
14       THE COURT:  Thank you.
15       And, Mr. Navarrete, is that your understanding as
16  well?
17       THE DEFENDANT:  Yes, Your Honor.
18       THE COURT:  Mr. Navarrete, do you have in front of you
19  a copy of your written plea agreement?
20       THE DEFENDANT:  Yes, Your Honor.  Yes.
21       THE COURT:  I have the original agreement before me
22  showing me your signature on Page 7.  Was this document
23  translated for you from English to Spanish before you signed
24  it?
25       THE DEFENDANT:  Yes, Your Honor.

```
 1              THE COURT:  And did your attorney answer all questions
 2    you had about its terms?
 3              THE DEFENDANT:  Yes, Your Honor, all of my questions.
 4              THE COURT:  So I'm going to be going over some the
 5    parts of this agreement with you.  I won't read the agreement
 6    in full, but I want to go over some sections to assure myself
 7    that you fully understand it and that your plea is voluntary.
 8              I am going to begin by addressing the subject of
 9    Paragraph 2.  Paragraph 2 is concerned with sentencing.  So let
10    me describe to you the sentencing process in my own words.
11              After I accept your plea of guilty here this morning,
12    I am going to be asking the Court's probation office to prepare
13    what is known as a Presentence Investigation Report.  A
14    probation officer will be assigned to investigate you and your
15    offense conduct.  That officer will gather information about
16    you, including by interviewing you personally, and will prepare
17    a draft presentence report that is circulated to the parties
18    weeks before sentencing.  Included within the report, is a
19    section that addresses the Federal Sentencing Guidelines.
20              You will see by applying those guidelines to your
21    offense conduct and based upon your history, a range of
22    sentencing is produced from a low to a high end that the
23    guidelines suggest as a reasonable sentence.  The attorneys
24    have the ability to file written objections to that report,
25    including to the section addressing the guidelines.  If any
```

1  objections are filed, the probation officer responds with a
2  written addendum.
3       We receive this and review it before your sentencing
4  hearing.  At your sentencing hearing, the attorneys will
5  address the advisory guidelines, and I will orally announce
6  here in open court what I believe is your advisory guideline
7  range.  And what I announce as your guideline range may be
8  different from what you see in the report.  It may also be
9  different from what you and Mr. Natale discuss as a likely
10 guideline range.
11      After doing that, I go on to consider and apply a
12 number of statutory factors before imposing sentence, so at the
13 end of this process, the sentence I impose may end up being
14 higher than or lower than the advisory guideline range.  I have
15 the authority to sentence you up to the statutory maximum, but
16 you may not withdraw your plea of guilty as a result of a
17 sentence imposed.
18      Do you understand?
19      THE DEFENDANT:  I understood that perfectly well, Your
20 Honor.
21      THE COURT:  In Paragraph -- Paragraph 3 in your
22 agreement informs you what your maximum possible sentence may
23 be, and that is life imprisonment followed by supervised
24 release from a minimum of three years all the way up to life,
25 as well as a fine up to $1 million and restitution.

```
 1           Do you understand what your maximum possible sentence
 2   may be?
 3           THE DEFENDANT:  I understand, Your Honor.
 4           THE COURT:  Paragraph 6 informs you that the U.S.
 5   Attorney's Office will be recommending that I reduce by two
 6   levels the sentencing guideline level applicable to your
 7   offense because of your acceptance of personal responsibility.
 8   If your offense level should start at a 16 or higher under the
 9   guidelines, then that office will request an additional
10   one-level decrease.
11           You see that there are three conditions outlined in
12   Paragraph 6 that you must satisfy in order for the Government
13   to make these recommendations.  Do you understand and agree?
14           THE DEFENDANT:  Yes, Your Honor.
15           THE COURT:  In Paragraph 7, you and the Government
16   agree, although not binding on the Court, that you will jointly
17   recommend that I impose a sentence within the guideline range
18   without regard to the 10-year statutory minimum sentence
19   contained in Paragraph 3 so long as you comply with those three
20   conditions that appear in Paragraph 7.
21           Do you understand and agree?
22           THE DEFENDANT:  Yes, I agree, Your Honor.
23           THE COURT:  In Paragraph 8, you are agreeing to
24   provide cooperation to the U.S. Attorney's Office.  In
25   Paragraph 9, the office will evaluate it, and if it was
```

|   |   |
|---|---|
| 1 | significant to the prosecution of others, it may file a motion |
| 2 | before you are sentenced, at the time of sentencing or after |
| 3 | you have been sentenced advising me of your cooperation and |
| 4 | requesting a sentence reduction.  And Paragraph 10 informs that |
| 5 | I am under no obligation to grant such a motion if it, in fact, |
| 6 | is filed. |
| 7 |      Do you understand and agree? |
| 8 |      THE DEFENDANT:  I understand and I agree, Your Honor. |
| 9 |      THE COURT:  In Paragraph 10, you are informed that you |
| 10 | have the right to appeal your sentence, that in exchange for |
| 11 | the agreement that you have negotiated with the Government, you |
| 12 | are giving up your right to appeal your sentence unless it |
| 13 | exceeds the statutory maximum or is a result of an upward |
| 14 | departure or variance from the guideline range I establish at |
| 15 | sentencing. |
| 16 |      Nothing in the agreement affects the Government's |
| 17 | right to appeal.  If the Government does file a notice of |
| 18 | appeal, then you are released from your waiver of appellate |
| 19 | rights.  You have discussed this appellate waiver provision |
| 20 | with your attorney, and you are waiving your right to appeal |
| 21 | your sentence knowingly and voluntarily. |
| 22 |      Is all of this true and correct? |
| 23 |      THE DEFENDANT:  That is correct, Your Honor. |
| 24 |      THE COURT:  Mr. Navarrete, is anyone putting pressure |
| 25 | upon you, forcing you or coercing you to agree to plead guilty |

```
 1   and agree to these terms?
 2           THE DEFENDANT:  No, Your Honor, nobody.
 3           THE COURT:  Has anyone made to you any promises or
 4   assurances in exchange for your plea of guilty other than the
 5   promises contained in the written plea agreement?
 6           THE DEFENDANT:  No, Your Honor.
 7           THE COURT:  Are you pleading guilty of your own free
 8   will because, in fact, you are guilty as charged?
 9           THE DEFENDANT:  Yes, Your Honor.
10           THE COURT:  You understand that the offense to which
11   you plead guilty is a felony offense.  When I accept your plea
12   of guilty, I will adjudicate you guilty, and as a result you
13   will suffer the loss of valuable civil liberties.  These
14   include the right to vote, the right to hold office, the right
15   to serve on a jury, the right to possess firearms, and in your
16   case, of course, it will result in your deportation.
17           THE DEFENDANT:  Yes, Your Honor.
18           THE COURT:  Mr. Navarrete, I am going to go over with
19   you at this time the constitutional rights that you give up by
20   pleading guilty.  You understand that if this case had
21   proceeded to a trial, you would have had the right to be
22   represented by an attorney.  The Government will be required to
23   bring witnesses to court who would testify in your presence.
24   You would have the right to confront those witnesses and have
25   your attorney cross-examine them.  You would have the right to
```

bring witnesses of your own to testify in your defense, and if those witnesses did not wish to come to court, you could use the Court's compulsory process to get them here.

You would have the right to testify and have your testimony be considered like that of any other witness in the case, or you could elect to remain silent. And if you did so, that could not be used against you in any way.

You would be entitled to the presumption of innocence. The Government would have to prove the charges against you beyond and to the exclusion of every reasonable doubt, and that is the highest burden of proof we have in our system of laws.

Your case would be tried to a jury consisting of 12 members whom you and the Government would select, and if you lost at trial, you would have the right to take an appeal.

Do you understand by pleading guilty, you give up all of these rights we associate with trial as well as with appeal?

THE DEFENDANT: I understand that perfectly well, Your Honor.

THE COURT: Mr. Navarrete, do you have another document in front of you, this one entitled "stipulated factual proffer"?

THE DEFENDANT: Yes, it's right here.

THE COURT: So if this case had gone to trial, you agree the Government would be able to prove beyond a reasonable doubt that beginning in 2016, law enforcement made contact with

1  Victor Ramon Leon Jimenez, a source of supply for narcotics in
2  Ecuador, using a confidential source.  In April 2017, Leon
3  agreed that his narcotics trafficking organization would import
4  and sell heroin to the confidential source.
5            On April 27, 2017, Leon met with a confidential source
6  and an undercover officer in Doral, Florida.  The undercover
7  and confidential source showed Leon sham U.S. currency and
8  advised they would be using that money to purchase the heroin.
9  The parties agreed that another member of Leon's organization
10 would make the drug delivery.
11           On May 26th, you and Patricia Del Carmen Diaz
12 Madariaga traveled to Miami from Ecuador carrying in your
13 luggage approximately 5 kilograms of narcotics disguised as
14 chocolate bars in duty-free bags.
15           On May 30, you met with a confidential source and
16 undercover in a parking lot in Miami to deliver the narcotics.
17 You handed the undercover a bag containing a Nike shoe box,
18 inside of which was concealed 2.5 kilograms of heroin.  The
19 heroin was packaged in chocolate candy wrappers.  The
20 undercover handed you a suitcase containing sham U.S. currency.
21           During the transaction, Madariaga stood nearby serving
22 as a lookout.  As you walked toward your car with the suitcase,
23 law enforcement detained you, then they detained Madariaga, who
24 refused to relinquish her cell phone as agents took her into
25 custody.  After being advised of your Miranda rights, you

```
 1   admitted you and Madariaga smuggled drugs to the United States
 2   on prior occasions, and you were paid 8 to 7 -- and $7,000
 3   respectfully for each importation.
 4           During a consensual search of your hotel room, agents
 5   discovered 2.5 additional kilograms of heroin in chocolate
 6   candy wrappers in a closet shared by you and Madariaga.
 7   Laboratory analysis of the substances seized from you both on
 8   May 30 revealed you possessed with the intent to distribute
 9   4,965 grams of heroin.
10           Mr. Navarrete, are all of these facts true and
11   correct?
12           THE DEFENDANT:  Everything is correct, Your Honor.
13           THE COURT:  Mr. Natale, are you satisfied your client
14   understands his rights, what he is giving up today, and that
15   there has been a sufficient factual basis for Mr. Navarrete's
16   plea to Count 3 of the superseding indictment?
17           MR. NATALE:  Yes, Your Honor.
18           THE COURT:  Mr. Navarrete, how do you plead to Count 3
19   of the superseding indictment, guilty or not guilty?
20           THE DEFENDANT:  Guilty.
21           THE COURT:  It is the finding of the Court that the
22   Defendant Juan Carlos Pozo Navarrete is fully competent and
23   capable of entering an informed plea, that he is aware of the
24   nature of the charges and the consequences of his plea based
25   upon his conversations with his attorney and the colloquy
```

```
 1  before the Court, that the plea of guilty is a knowing and
 2  voluntary plea supported by an independent basis in fact
 3  containing each of the essential elements of the offense and
 4  that the agreement presented to the Court was voluntarily
 5  entered into and not the result of force, threats or coercion.
 6           I also find the Defendant has entered the agreement
 7  with the advice and the assistance of effective and competent
 8  Counsel.  Your plea is therefore accepted.  You are now
 9  adjudged guilty.  And I will have you back in court for
10  sentencing on Tuesday, November 7, at 9:30 a.m.
11           You all have a good day.
12           MR. NATALE:  Thank you, Your Honor.
13           THE DEFENDANT:  Thank you, Your Honor.
14           MS. GARMAN:  Thank you, Your Honor.
15      (The proceedings adjourned at 9:32 a.m.)
16
                       C E R T I F I C A T E
17
18     I hereby certify that the foregoing is an
19  accurate transcription of the proceedings in the
20  above-entitled matter.
21
22
    _03/18/18_      _[signature] Stephanie A. McCarn_____
23      DATE         STEPHANIE A. McCARN, RPR
                     Official United States Court Reporter
24                   400 North Miami Avenue, Twelfth Floor
                     Miami, Florida 33128
25                   (305) 523-5518
```